SWEAT v. STATE.

## Opinion delivered December 4, 1916.

1.  LARCENY—SUFFICIENCY OF INDICTMENT.—An indictment charging
    the unlawful and felonious taking of a certain sum of money from one
    R, a woman engaged in prostitution, *held*, sufficient.  (See § 3, Act
    No. 105, p. 407, Acts of 1913.)

2.  EVIDENCE—LARCENY—PANDERING.—Where defendant was charged
    with the unlawful and felonious taking of money from one R, under
    Act 105, Acts of 1913, evidence that he received things other than
    money, is admissible in evidence, to show that defendant was engaged
    in the business of receiving money and profit out of the prostitution
    of his wife.

Appeal from Pike Circuit Court; · *Jefferson T. Cowling*, Judge; affirmed.

*W. S. Coblentz*, for appellant.

1.  The indictment is bad.  It does not allege the facts with sufficient certainty.  133 Fed. 337; 126 S. W. 797; 12 Enc. of Proc. 327; 98 Ark. 575; 93 *Id.* 81; 10 Am. St. 169; 10 Ind. 404; 90 S. W. 852; 126 S. W. 797; 43 Ark. 93; 95 *Id.* 48; 114 *Id.* 310.

2.  The proof must conform to the charge.  Proof of receiving money is not proof of receiving gold, silver and paper money.  60 Ark. 141; 105 S. W. 361.

3.  It was error to admit evidence of other crimes. Jones on Ev., §§ 143, 145; 39 Ark. 278; 73 *Id.* 262; 91 *Id.* 555.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1.  The indictment is sufficient.  Act 105, Acts 1915, § 3.  It is sufficient to follow the language of the statute.  97 Ark. 5; 100 *Id.* 499; 43 *Id.* 7; 113 Me. 41; 35 Wash. 249; 77 Pac. 191.

2.  There was no variance.  120 Ga. 142; 105 Ark. 174; 18 *Id.* 363.

3.  There was no error in admitting evidence of different acts of the receipt of prostitute's earnings.

SMITH, J.  Appellant was convicted under an indictment which charged that he "unlawfully, feloni-

ously and knowingly did accept, receive, levy and appropriate four and 50/100 dollars in gold, silver and paper money of the value of four and 50/100 dollars, without consideration, from the proceeds of the earnings of Rettie Sweat, who was then and there a woman engaged in prostitution, against the peace and dignity of the State of Arkansas."

To this indictment a demurrer was filed on the ground that it did not describe the offense with sufficient certainty to apprise him what charge he would have to meet. The indictment, however, employs substantially the language used in section 3 of Act No. 105, Acts 1913, page 407, in relation to the crime of pandering, and recites the facts alleged to constitute that offense with sufficient certainty to describe it and to enable him to plead an acquittal or a conviction under this indictment in bar of a subsequent prosecution for the same offense. This meets the requirements of the law.

The indictment alleges that appellant received from the earnings of the woman named in the indictment the sum of four and 50/100 dollars in money, and it is argued that the court erred in permitting proof of payments not made in money. A witness named Albert Hatch testified that he had twice had sexual intercourse with the woman, and that on one occasion he paid appellant $1.50 in money, and on the other occasion gave him an order for $2 in merchandise. A witness named Jesse Hatch testified that, for the same purpose, he gave appellant three yards of red serge, for which he had himself paid $1.50. A witness named Huddleston testified that he paid appellant $1.50 for this purpose, but did not have intercourse with the woman because of her uncleanliness.

It is said that the proof of the receipt of other considerations than that of money constitutes a variance from the allegations of the indictment. It is unnecessary here to decide that question, for the court gave the following instruction:

"The indictment alleges property, gold, silver and paper money. It would be necessary to prove the receipt of money. It doesn't have to be any certain amount. The evidence of the receipt of other things may be considered by the jury along with the other evidence in determining whether the defendant did, in fact, receive money for the purposes mentioned in the indictment. The evidence with reference to the serge and order is competent only for the purpose of determining whether the defendant was engaged in that sort of business of receiving money and profit out of the prostitution of his wife. That is a circumstance along with all the other evidence in the case as to whether or not he received money for that."

Appellant had denied all the material statements of the witnesses against him, and this evidence was competent as tending to show that he was receiving the earnings of a woman engaged in prostitution.

It is said that the evidence of Huddleston should have been excluded because he testified that, although he had paid the price charged, he did not have intercourse with the woman. This and other evidence objected to tended to show the woman's business and appellant's knowledge of and participation in it, and it was therefore competent.

The jury has passed upon the conflicting questions of fact, and the evidence is legally sufficient to support the verdict, and as no error of law appears, the judgment must be affirmed. It is so ordered.